UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> FITNESS QUEST INC. <br><br> Debtor. | Chapter 7 <br> Case No. 12-12488 <br> Hon. Peter J. Walsh |

**COMERICA BANK'S MOTION, ON BEHALF OF THE BANK GROUP, FOR RELIEF FROM THE AUTOMATIC STAY**

Comerica Bank ("Comerica") for its Motion for Relief from the Automatic Stay, states:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. § 1409. This Motion is a core proceeding.

**FACTUAL BACKGROUND**

2.  On August 31, 2012 ("Petition Date"), Debtor filed a voluntary petition for relief under Chapter 7 of the U.S. Bankruptcy Code, 11 U.S.C. §§ 101-1532 ("Code").

3.  Comerica is the agent of the bank group consisting of Comerica, General Electric Capital Corporation, Bank of America, N.A., Webster Bank, N.A., Massachusetts Mutual Life Insurance Company, Babson Mid-Market CLOS LTD. 2007-II, Allied Irish Bank, PLC, AIB Debt Management, Limited, Telos CLO 2006-I, LTD, MAPS CLO Fund I, LLC, Emporia Preferred Funding I, LTD, and Emporia Preferred Funding II, LTD ("Bank Group").

4.  Without limitation, Debtor is indebted to the Bank Group as follows:

    a. Under the Amended and Restated Base Loan Notes dated November 23, 2010 in the original aggregate principal amount of $8,350,000 ("Base Loan Notes") to the following members of the Bank Group:

|  | **Original Principal Balance** |
|---|---|
| Comerica | $3,340,000.00 |
| General Electric Capital Corporation | $1,670,000.00 |
| Bank of America, NA | $1,043,750.00 |
| Webster Bank N.A. | $626,250.00 |
| Massachusetts Mutual Life Insurance Company | $575,047.05 |
| Babson Mid-Market CLO LTD. 2007-II | $259,952.95 |
| Allied Irish Bank, PLC | $835,000.00 |
| **Total** | **$8,350,000.00** |

Copies of the Base Loan Notes are attached as Exhibit A.

b. Under the Term Note A's dated August 2, 2006 in the original aggregate principal amount of $55,000,000 ("Term Loan A Notes") to the following members of the Bank Group:

|  | **Original Principal Balance** |
|---|---|
| Comerica | $13,000,130.00 |
| General Electric Capital Corporation | $4,999,950.00 |
| Bank of America, NA | $6,249,980.00 |
| Webster Bank N.A. | $3,749,955.00 |
| MAPS CLO Fund I, LLC | $6,999,960.00 |
| Emporia Preferred Funding I, LTD | $4,999,950.00 |
| Babson | $4,999,950.00 |
| AIB Debt Management Limited | $4,999,950.00 |
| TELOS CLO 2006-1, LTD | $4,999,950.00 |
| **Total** | **$55,000,000.00** |

Copies of four the Term Loan A Notes are attached as Exhibit B (the other Term Loan A Notes are available upon request).

c. The liabilities evidenced by the Base Loan Notes, Term Loan A Notes, and the other loan and collateral documents, including interest, costs, fees and expenses, are identified as the "Indebtedness." The Indebtedness is guarantied by Fitness Holdings, Inc. ("Guarantor"), which filed a voluntary petition for relief in the District of Delaware (case no. 12-12489) on August 31, 2012. The documents, instruments and agreements

executed in connection with the prepetition financing arrangements from the Bank Group to Debtor and Guarantor are identified collectively as the "Prepetition Loan Documents".

5.  As of the Petition Date, the Bank Group has a claim against Debtor in excess of $3,067,111.13 (including principal of $1,103,385.08 and interest of $53,611.71 due under the Base Loan Notes, and principal of $1,821,012.35 and interest of $89,101.99 due under the Term Loan A Notes), plus unpaid costs and fees as provided for in the Prepetition Loan Documents.

6.  The Indebtedness is secured by all of Debtor's personal property, including without limitation, (a) Debtor's accounts receivable, chattel paper, instruments (including promissory notes), general intangibles, investment property, inventory, equipment, and fixtures, as more particularly described in the Security Agreement dated October 20, 2004, as amended by the First Amendment to Security Agreement dated September 1, 2005, both attached as Exhibit C, (b) copyrights, as more particularly described in the Amended and Restated Copyright Collateral Agreement dated July 31, 2006, attached as Exhibit D, (c) trademarks, as more particularly described in the Amended and Restated Trademark Collateral Agreement dated July 31, 2006, attached as Exhibit E, (d) patents, as more particularly described in the Amended and Restated Patent Collateral Agreement dated July 31, 2006, attached as Exhibit F, (e) other intellectual property, as more particularly described in the Supplemental Intellectual Property Collateral Agreement dated July 13, 2009, attached as Exhibit G, and (f) the proceeds of the life insurance policy # 6724670 issued by Ohio National Life Assurance Corporation on the life of Robert R. Schnabel, Jr., as more particularly describe in the Assignment of Life Insurance Policy as Collateral, attached to this Motion as Exhibit H (collectively, "Collateral").

Detroit_1225132_6

7. Bank has a first priority perfected security interest in the Collateral. A UCC lien search regarding Debtor from the Delaware Department of State, as of August 30, 2011, is attached as Exhibit I.

8. As of the Petition Date, Debtor was liquidating its assets.

9. Debtor employed Steven Wybo of Conway MacKenzie, Inc. as its Chief Restructuring Officer ("CRO") to assist in the liquidation of Debtor's assets.

10. As of the Petition Date, the CRO identified the following as sources of collections to repay the Indebtedness:

> a. The unused portion of an $85,000 draw on a letter of credit issued by Comerica. On June 21, 2012, Fifth Third Bank made an $85,000 draw on a letter of credit issued by Comerica on behalf of Debtor. The draw was made by Fifth Third Bank to secure any unpaid obligations of Debtor under the terms of the Fifth Third Bank Card Merchant Agreement. Fifth Third Bank authorized Comerica to cancel the remainder of the $170,000 letter of credit. Fifth Third Bank is obligated to return any unused portion of the $85,000 draw. The Bank Group is not certain what amount of the $85,000 will be used, but it is believed that the entire $85,000 will not be exhausted.
>
> b. The remaining accounts receivable. Borrower listed on its schedules the remaining uncollected accounts receivable.
>
> c. An insurance refund in the amount of $66,276 delivered by the insurer, Hylant, to the CRO.
>
> d. The sale of the Bioforce (exercise machine) infomercial. Prior to the Petition Date, the CRO was liquidating different product lines of Debtor. The CRO was in discussions regarding the sale of the infomercial relating to the Bioforce exercise machine.

11. Additionally, there is $99,500 in cash collateral held by Comerica.

## AUTHORITY

A. **Bank is Entitled to Relief under Code § 362(d)(2).**

12. The Bank Group is entitled to relief from the automatic stay under Code § 362(d)(2).

13. Section 362(d)(2) provides, "[o]n request of party in interest and after notice and a hearing, the court shall grant relief from the stay . . . with respect to a stay of an act against property . . . if – (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization . . . ."

**I. Lack of Equity in the Collateral**

14. Debtor's Schedules [Docket No. 3] state that the value of its personal property is $1,584,455.81.

15. The Indebtedness secured by the Collateral is in excess of the Collateral's value.

**II. The Collateral Is Not Necessary to an Effective Reorganization**

16. Once a movant *establishes* that a debtor has no equity in property, the debtor has the burden to establish that the property is "necessary to an effective reorganization." §§ 362(d)(2)(B) and 362(g). "What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization that is in prospect." *United Savings Assoc. v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 375-376 (1988).

17. Debtor filed a Chapter 7 bankruptcy case and does not intend to reorganize.

**B.** **Bank is Entitled to Relief under Code § 362(d)(1).**

18. The Bank Group is entitled to relief from the automatic stay for cause under Code § 362(d)(1).

19. Section 362(d)(1) provides: "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . for cause, including the lack of adequate protection of an interest in property of such part in interest . . ."

20. The Bank Group is entitled to relief from the stay for cause, because Debtor is unable to adequately protect the Bank Group's interest in the Collateral.

21. Debtor has not made any payments postpetition to Comerica and has made no offer of adequate protection to the Bank Group.

## RELIEF REQUESTED

Comerica requests that this Court enter an order, in the form attached as Exhibit J, granting the Bank Group relief from the automatic stay for all purposes so that Comerica, as Agent, may pursue the Bank Group's state and common law rights under the Prepetition Loan Documents, including without limitation, pursuing collection of the Collateral and applying such proceeds to the Indebtedness.

**BODMAN PLC**

By: /s/ Gregory M. Ryan
    Ralph E. McDowell (P39235)
    Gregory M. Ryan (P72341)
Attorneys for Comerica Bank
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 393-7530
mbakst@bodmanlaw.com
gryan@bodmanlaw.com

October 17, 2012

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re:  FITNESS QUEST, INC. | Chapter 7 |
| | Case No. 12-12488 |
| | Hon. Peter J. Walsh |
| Debtor | Objections due by: November 8, 2012 |
| | Hearing Date: November 15, 2012 |

## NOTICE OF MOTION OF COMERICA BANK, ON BEHALF OF THE BANK GROUP, FOR RELIEF FROM STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE

TO:  **Debtor**
Fitness Quest Inc.
1400 Raff Road, SW
Canton, Ohio 44750

**Debtor's Counsel**
Scott D. Cousins
Cousins Chipman & Brown, LLP
The Nemours Building
1007 North Orange Street
Suite 1110
Wilmington, DE 19801

**Trustee**
Charles M. Forman
Forman Holt Elindes & Ravin LLC
80 Route 4 East
Suite 290
Paramor, NJ 07652

**Trustee's Counsel**
Charles M. Forman
Forman Holt Elindes & Ravin LLC
80 Route 4 East
Suite 290
Paramor, NJ 07652

**United States Trustee**
844 King Street, Room 2207
Lockbox #35
Wilmington, DE 19899-0035

**US Bancorp**
1310 Madrid Street
Marshall, MN 56258

Comerica Bank filed a Motion for Relief from stay on October 17, 2012 which seeks the following relief from the automatic stay to pursue collection the Bank Group's collateral.

**HEARING ON THE MOTION WILL BE HELD ON NOVEMBER 15, 2012, at 2 p.m.**

You are required to file a response (and the supporting documentation required by Local Rule 4001-1(c)) to the attached motion at least seven days before the above hearing date.

Detroit_1235850_1

At the same time, you must also serve a copy of the response upon movant's attorney:

Bodman PLC
Attn: Gregory M. Ryan
1901 St. Antoine Street
6th Floor at Ford Field
Detroit, Michigan 48226

The hearing date specified above may be a preliminary hearing or may be consolidated with the final hearing, as determined by the Court.

The attorneys for the parties shall confer with respect to the issues raised by the motion in advance for the purpose of determining whether a consent judgment may be entered and/or for the purpose of stipulating to relevant facts such as value of the property, and the extent and validity of any security instrument.

By:  /s/ Gregory M. Ryan
Gregory M. Ryan (P72341)
Attorneys for Comerica Bank
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
(313) 259-7777
gryan@bodmanlaw.com

October 17, 2012